IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:11-cv-22665-KMM

SIMONE LAZARUS,

    Plaintiff,

vs.

PRINCESS CRUISE LINES, LTD.,

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION

THIS CAUSE came before the Court upon Defendant's Motion to Compel Arbitration (ECF No. 6). Plaintiff filed a Response in Opposition (ECF No. 10). Defendant filed a Reply (ECF No. 15). At the request of this Court, the Parties also filed supplemental briefings (ECF Nos. 23 & 24) as to how the Eleventh Circuit's ruling in Lindo v. NCL (Bahamas), Ltd., 652 F.3d 1257 (11th Cir. 2011) affects the Defendant's Motion to Compel Arbitration. This Motion is now ripe for review.

UPON CONSIDERATION of the Motion, the Response, the Reply, the supplemental briefings, the pertinent portions of the record and being otherwise fully advised in the premises of the case, the Court enters the following Order.

## I. BACKGROUND

This case involves an employment contract between a seafarer and his employer that contained a foreign arbitration clause. Plaintiff Simone Lazarus ("Lazarus") is a citizen of South Africa who allegedly sustained injuries while employed on the vessel of Defendant Princess Cruise Lines, Ltd. ("Princess"). On August 16, 2008, Lazarus executed an employment contract

1

with Princess (ECF No. 6-1), which incorporated terms and conditions set forth in a separate document titled "Principal Terms and Conditions of Employment" ("Terms & Conditions of Employment") (ECF No. 6-2). The Terms & Conditions of Employment provides, in relevant part:

> ALL DISPUTES, CLAIMS, OR CONTROVERSIES WHATSOEVER (WHETHER IN CONTRACT, REGULATORY, TORT OR OTHERWISE AND WHETHER PRE-EXISTING, PRESENT OR FUTURE AND INCLUDING CONSTITUTIONAL, STATUTORY, COMMON LAW, ADMIRALTY, INTENTIONAL TORT AND EQUITABLE CLAIMS) RELATING TO OR IN ANY WAY ARISING OUT OF OR CONNECTED WITH THE CREW AGREEMENT, THESE TERMS, OR SERVICES PERFORMED FOR THE COMPANY . . . SHALL BE REFERRED TO AND RESOLVED EXCLUSIVELY BY BINDING ARBITRATION PURSUANT TO THE UNITED NATIONS CONVENTION ON THE RECOGNITION AND ENFORCEMENT OF FOREIGN ARBITRAL AWARDS (NEW YORK 1958), 21 U.S.T. 2517, 330 U.N.T.S 3, 1970 U.S.T. LEXIS 115, ("THE CONVENTION"), IN HAMILTON BERMUDA, TO THE EXCLUSION OF ANY OTHER FORA, IN ACCORDANCE WITH THE BERMUDA INTERNATIONAL CONCILIATION AND ARBITRATION ACT 1993 AND THE UNCITRAL ARBITRAL RULES AS AT PRESENT IN FORCE, ALL OF WHICH ARE DEEMED TO BE INCORPORATED HEREIN BY REFERENCE INTO THIS PROVISION.

Art. 14 ¶ 2, Terms & Conditions of Employment. The Terms & Conditions of Employment also contains a choice-of-law-provision in Art. 14 ¶ 1, which states: "ANY DISPUTES . . . SHALL BE GOVERNED EXCLUSIVELY IN ALL RESPECTS BY THE LAWS OF BERMUDA, WITHOUT REGARD TO PRINCIPLES OF CONFLICTS OF LAWS." Additionally, Article 15 of the Terms & Conditions contains a severability provision: "The conditions of these Terms are severable. If any clause of these Terms is determined to be void or otherwise unenforceable by any court or tribunal of competent jurisdiction, then the remainder of the Terms shall stand in full force and effect."

On July 1, 2011, Lazarus filed a Complaint against Princess in Florida state court. On July 26, 2011, Princess filed a Notice of Removal (ECF No. 1). Lazarus's Complaint alleges

negligence under the Jones Act, unseaworthiness of the ship, failure to provide maintenance and cure, failure to treat, and wages and penalties under the Seaman's Wage Act ("SWA"). Princess seeks to compel arbitration under Article 14 of the Terms & Conditions of Employment and pursuant to the Convention. Lazarus claims the arbitration provision is unenforceable for public policy reasons.

## II. ANALYSIS

The Convention on the Recognition and Enforcement of Foreign Arbitral Awards is a multi-lateral treaty that "requires contracting states, such as the United States, to recognize written arbitration agreements concerning subject matter capable of settlement by arbitration." Lindo v. NCL (Bahamas), Ltd., 652 F.3d 1257, 1262 (11th Cir. 2011). In 1970 the United States formally adopted the treaty and implemented its provisions through Chapter 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 201 et seq. A party seeking to enforce an arbitration agreement covered by the Convention has two causes of action in federal court: "(1) an action to compel arbitration in accord with the terms of the agreement, 9 U.S.C. § 206, and (2) at a later stage, an action to confirm an arbitral award made pursuant to an arbitration agreement, 9 U.S.C. § 207." Lindo, 652 F.3d at 1263; see also Czarina, L.L.C. v. W.F. Poe Syndicate, 358 F.3d 1286, 1290–91 (11th Cir. 2004). In deciding a motion to compel arbitration under the FAA, "[a] district court must order arbitration unless: (1) [one of] four jurisdictional prerequisites are not met, . . . or (2) one of the Convention's affirmative defenses applies . . . ." Bautista v. Star Cruises, 396 F.3d 1289, 1294–95 (11th Cir. 2005).[1]

---

[1] The jurisdictional prerequisites require that:
> (1) there is an agreement in writing within the meaning of the Convention; (2) the agreement provides for arbitration in the territory of a signatory of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) a party to the

3

At issue here is whether the Convention's affirmative defense relating to public policy applies to the arbitration provision found in the Terms & Conditions of Employment and incorporated by reference into the employment contract executed by Lazarus and Princess. The Convention contains affirmative defenses in Article II and Article V. See Convention, art. II, V. Article V contains an affirmative defense for instances where an arbitration award would be contrary to the public policy of the recognizing country. See Convention, art. V. In Bautista, however, the Eleventh Circuit held that only the affirmative defenses contained in Article II of the Convention apply when deciding a motion to compel under the FAA. Bautista, 396 F.3d at 1301. Article II of the Convention requires a Court to compel arbitration unless the arbitration agreement is "null and void, inoperative or incapable of being performed." Convention, art. II. The Eleventh Circuit has interpreted "null and void" to "encompass only those situations—such as fraud, mistake, duress, and waiver—that can be applied neutrally on an international scale." Lindo, 652 F.3d at 1271 (quoting Bautista, 396 F.3d at 1302).

In arguing that the public policy defense applies, Plaintiff relies heavily on Thomas v. Carnival Corp., 573 F.3d 1113, 1116 (11th Cir. 2009). "Thomas crafted a new public policy defense, providing that arbitration is unenforceable if foreign law applies because the plaintiff cannot assert U.S. statutory claims." Lindo, 652 F.3d at 1274. As the Eleventh Circuit has since noted:

> Thomas's creation of a new public policy defense under Article II . . . by definition cannot be applied 'neutrally on an international scale,' as each nation operates under different statutory laws and pursues different policy concerns. Thomas wholly failed to subject Thomas's public policy claim to Bautista's test for "null and void" defenses available under Article II. Thus, to the extent

---

> agreement is not an American citizen, or that the commercial relationship has some reasonable relation with one or more foreign states.

Bautista, 396 F.3d at 1294 n.7.

4

> Thomas allowed the plaintiff seaman to prevail on a new public policy defense under Article II, Thomas violates Bautista and our prior panel precedent rule.

Id. at 1278. In light of Lindo, this Court holds that "the public policy defense contained in Article V may be raised only at the arbitral award-enforcement stage." Id. at 1284. Consequently, because the four jurisdictional prerequisites for compelling arbitration have been satisfied, and because Lazarus does not argue that the arbitration provision contained in the Terms & Conditions of Employment is null and void, inoperative, or incapable of being performed, the Court finds it appropriate to grant Defendant's Motion to Compel Arbitration. As Princess is contractually obligated to pay Lazarus maintenance and cure, see Art. 8, Terms & Conditions of Employment, such claims are subject to arbitration.

### III. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Defendant's Motion to Compel Arbitration (ECF No. 6) is GRANTED. It is further

ORDERED AND ADJUDGED that this case is STAYED. The Clerk of the Court is instructed to administratively CLOSE this case. All pending motions are DENIED AS MOOT. The Parties may move to reopen this case at the conclusion of arbitration.

DONE AND ORDERED in Chambers at Miami, Florida, this 6th day of December, 2011.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record